**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Juan GONZALEZ–GONZALEZ, true name Juan Alberto Cabrera–Gonzalez, Defendant–Appellant.**

**No. 06–41283**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 21, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Juan Gonzalez–Gonzalez (Gonzalez) appeals his guilty-plea conviction and 46–month sentence for unlawful reentry following deportation, in violation of 8 U.S.C. § 1326. Gonzalez argues that his sentence is contrary to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and unreasonable as a matter of law. He contends that this court's post-*Booker* decisions have effectively reinstated the mandatory guideline scheme condemned by *Booker.*

Gonzalez concedes that this argument is foreclosed by circuit precedent, but he raises it to preserve it in light of the Supreme Court's grant of certiorari in *Rita v. United States,* —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006), and *Claiborne v. United States,* —— U.S. ——, 127 S.Ct. 551, 166 L.Ed.2d 406 (2006). However, *Rita* now has been decided, and the Supreme Court has affirmed that a "court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**346**

the Sentencing Guidelines." *Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2462–69, 168 L.Ed.2d 203 (2007)(quote at 2462). Furthermore, the Supreme Court has vacated the underlying *Claiborne* decision as moot due to the death of the petitioner. *Claiborne v. United States,* — U.S. —, 127 S.Ct. 2245, 167 L.Ed.2d 1080 (2007), *vacating as moot* 439 F.3d 479 (8th Cir.2006). In light of these decisions, Gonzalez's argument remains foreclosed.

Gonzalez also argues that § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005); *see also Rangel–Reyes v. United States,* — U.S. —, 126 S.Ct. 2873, 165 L.Ed.2d 910 (2006); *United States v. Pineda–Arrellano,* 492 F.3d 624 (5th Cir.2007). Gonzalez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under